*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOMMIE TELFAIR, | : | |
| | : | Civil Action No. 13-6585 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Tommie Telfair's motion for relief from this Court's denial of his motion to vacate sentence brought pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 71). For the following reasons, this Court will deny Petitioner's motion.

**I. BACKGROUND**

As this Court has explained the basis for Petitioner's underlying claims in two extensive prior opinions (*see* ECF Nos. 36, 58), that information will not be repeated here, and the Court will instead only provide a brief recitation of the procedural history of this matter. Petitioner, Tommie Telfair, filed his motion to vacate his sentence on or about October 25, 2013. (ECF No. 1). Following briefing, this Court denied all but one of Petitioner's claims by way of an order and opinion issued on February 17, 2016. (ECF Nos. 36-37). In the February 2016 order and opinion, however, this Court ordered an evidentiary hearing as to Petitioner's claim that his statement had been taken in violation of his *Miranda* rights. (*Id.*).

This Court held a hearing on that issue on August 3, 2017. (*See* ECF No. 60). Following

the hearing, this Court issued an order and opinion denying Petitioner's *Miranda* claim and denying Petitioner a certificate of appealability. (ECF Nos. 58-59). In that second opinion, this Court specifically found Petitioner's testimony at the hearing incredible, "inconsistent[,] and unreliable," and found the testimony of Petitioner's purported expert witness of no value to the Court's determination. (ECF No. 58 at 8-9). The Court also found the testimony of the various officers both consistent with the testimony given at Petitioner's trial and to be credible. (*Id.* at 7-8). Having reached these conclusions as to the credibility of Petitioner and the officers who interviewed Petitioner prior to his trial, this Court rejected Petitioner's *Miranda* claim, finding as follows:

> Based on the credible testimony of Agents Post and Thompson at the evidentiary hearing, it is clear that Petitioner was given *Miranda* warnings prior to his interrogation by the agents. Based on that credible testimony it is also clear that Petitioner was cooperative and appeared to understand the warnings he was given. The credible testimony in the record also establishes that Petitioner never complained of pain, never appeared to be or stated that he was under the effects of any medication, and never stated he was on his way to see a doctor. This Court therefore finds that Petitioner's waiver of his *Miranda* warnings was knowing and voluntary insomuch as he chose of his own free will to give to the agents the statement which was used against him at his trial after being informed of and choosing to waive his *Miranda* rights.
>
> This Court finds that there is no credible evidence in the record of the coercion, threats, or other misdeeds that Petitioner asserted in his affidavit, and instead finds that Petitioner's waiver of his rights was made "with full awareness of both the nature of the right [he chose to] abandon[] and the consequences" of his decision to waive his rights. *Berghuis* [*v. Thompkins*, 560 U.S. 370, 382-83 (2010)]. This Court likewise rejects Petitioner's contention that he requested, but was denied, a lawyer, and instead credits the testimony of Agents Post and Thompson that, while Petitioner may have mentioned Paul Bergrin as having represented him in other matters, Petitioner did not invoke his right to counsel prior to the end of his interrogation. As this Court thus finds that Petitioner's

2

> waiver of his *Miranda* rights and decision to give the agents a statement was knowing and voluntary, and that Petitioner did, in fact, give the statement used against him at trial, the trial court in this matter did not err in refusing to suppress Petitioner's statement. Likewise, to the extent Petitioner asserted the trial court erred in refusing to hold a hearing on Petitioner's suppression motion, any such error that may have existed was in all respects harmless in light of this Court's determination that Petitioner was given and thereafter knowingly and voluntarily waived his *Miranda* rights. *See Fry v. Piller*, 551 U.S. 112, 116 (2007) (on collateral review, even constitutional errors will be considered "harmless unless [they] had a substantial and injurious effect" on the outcome of criminal proceedings); *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993); *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007), *cert. denied*, 552 U.S. 1108 (2008).

(*Id.* at 10-11).

Following the denial of his final claim and the denial of a certificate of appealability, Petitioner filed a motion for an extension of time within which to file a Rule 59(e) or 60(b) motion, which this Court denied on November 8, 2017, as the Court is without authority to grant such an extension. (ECF No. 67). Petitioner thereafter filed an untimely motion for reconsideration of the Court's September 2017 order and opinion on or about November 11, 2017. (ECF No. 68). This Court denied that motion as untimely filed under either Rule 59(e) or Local Rule 7.1(i) by way of an order entered on November 20, 2017. (ECF No. 69). Petitioner thereafter filed his present motion, in which he requests that the Court treat his prior motion for reconsideration as a motion for relief from judgment brought pursuant to Rule 60(b)(6).[1] (ECF No. 71).

---

[1] In his new motion, Petitioner states that the Court should consider his prior reconsideration motion a Rule 60(b)(6) motion "only" to the extent the Court "continues its previous denials of extensions of time" to permit him to file reconsideration motions and "depriv[ing]" him of redress under Rule 59(e) or Local Rule 7.1(i). As this Court has already explained to Petitioner, the Court has no authority to grant him the extension he requested, and his later filed reconsideration motion was clearly untimely under either Rule 59(e) or Local Rule 7.1(i), thus Petitioner's current motion will only be considered under the Rule 60(b)(6) standard. (*See* ECF Nos. 67, 69).

## II. DISCUSSION

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.* While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

4

B.  Analysis

In his motion for reconsideration, which Petitioner now wishes to have addressed as a motion for relief from judgment under Rule 60(b), Petitioner essentially expresses his disagreement with this Court's credibility determinations and ultimate denial of his *Miranda* claim. Petitioner argues that the Court should accept his version of events, rather than those testified to by the agents who testified at trial and at his hearing, and that based on his testimony and arguments he should be entitled to relief as he asserts both that he asked for counsel and that he was improperly coerced or threatened. This Court, however, already rejected these arguments in denying Petitioner's *Miranda* claim, finding that Petitioner's testimony was "inconsistent and unreliable," and ultimately incredible. This Court instead credited the testimony of the agents, and determined, for the reasons expressed above, that Petitioner's statement to the Government had not been taken in violation of his *Miranda* rights. Petitioner has therefore presented no more than his mere disagreement with this Court's rejection of both his credibility during the hearing and his *Miranda* claim, and has not shown any extraordinary circumstances warranting relief from this Court's prior judgment. This Court has fully considered Petitioner's testimony and the claims presented in his § 2255 motion, and has found those claims meritless in light of the record and the testimony at Petitioner's hearing. As Petitioner has failed to show any actual error on the Court's part, and has in any event failed to show any extraordinary circumstances, his Rule 60(b)(6) motion must be denied. *Michael*, 570 F. App'x at 180; *see also Gonzalez*, 545 U.S. at 536.

IV. CONCLUSION

For the reasons stated above, Petitioner's motion (ECF No. 71) is DENIED. An appropriate

order follows.

Dated: January 31, 2018                                           *s/ Susan D. Wigenton*
                                                                   Hon. Susan D. Wigenton,
                                                                   United States District Judge