UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOMMIE TELFAIR, | : | |
| | : | Civil Action No. 13-6585 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Tommie Telfair's second motion for relief from this Court's denial of his motion to vacate sentence brought pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 77). For the following reasons, this Court will deny Petitioner's motion.

**I. BACKGROUND**

As this Court has explained the basis for Petitioner's underlying claims in two extensive prior opinions (*see* ECF Nos. 36, 58), only a brief recitation of the procedural history of this matter is necessary for the purposes of this opinion. Petitioner, Tommie Telfair, filed his motion to vacate his sentence on or about October 25, 2013. (ECF No. 1). Following briefing, this Court denied all but one of Petitioner's claims by way of an order and opinion issued on February 17, 2016. (ECF Nos. 36-37). In the February 2016 order and opinion, however, this Court ordered an evidentiary hearing as to Petitioner's claim that his statement had been taken in violation of his

*Miranda* rights. (*Id.*). In the remainder of the Court's fifty-six page opinion, this Court denied all of Petitioner's remaining claims on the merits, providing a thorough explanation of how and why each claim failed to warrant habeas relief. (*Id.*). This Court thereafter held a hearing on the *Miranda* issue on August 3, 2017. (*See* ECF No. 60). Following the hearing, this Court issued an order and opinion denying Petitioner's *Miranda* claim and denying Petitioner a certificate of appealability. (ECF Nos. 58-59). Petitioner appealed both decisions, and the Third Circuit denied him a certificate of appealability as to his appeal. (*See* ECF No. 74).

Following the denial of his final claim and the denial of a certificate of appealability, Petitioner filed a motion for an extension of time within which to file a Rule 59(e) or 60(b) motion, which this Court denied on November 8, 2017. (ECF No. 67). Petitioner thereafter filed an untimely motion for reconsideration of the Court's September 2017 order and opinion on or about November 11, 2017. (ECF No. 68). This Court denied that motion as untimely filed under either Rule 59(e) or Local Rule 7.1(i) by way of an order entered on November 20, 2017. (ECF No. 69). Petitioner thereafter filed his first Rule 60(b) motion. (ECF No. 71). This Court denied that motion by way of an order and opinion issued on January 31, 2018, as Petitioner's motion did no more than express his disagreement with the Court's rejection of his *Miranda* claim. (ECF No. 72-73).

Some nine months later, on or about October 23, 2018, Petitioner filed his current Rule 60(b) motion. (ECF No. 77). In that motion, Petitioner essentially seeks relief from this Court's February 2016 opinion because Petitioner believes that this Court did not address the merits of his non-*Miranda* claims. (*Id.* at 6). Petitioner also requests authorization to file a second § 2255

motion raising these remaining claims. (*Id.* at 13-17).

## II. DISCUSSION

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.* While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

**B. Analysis**

Before reaching the merits of Petitioner's arguments, this Court notes that Petitioner's current Rule 60(b) motion, which challenges an opinion issued more than two years ago, is untimely. Motions challenging a judgment pursuant to Rule 60(b) must be filed within a "reasonable time" of the entry of the original judgment. Fed. R. Civ. P. 60(c). Whether a given amount of time is reasonable largely depends on the circumstances of an individual case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Pursuant to Rule 60(c)(1), motions based on fraud, mistake, or newly discovered evidence must be filed within a year of entry of judgment, and the Third Circuit has likewise found that for even those alternative bases for a Rule 60(b) motion that do not have a set time limit a delay as short as a year can be sufficient to amount to an unreasonable delay sufficient to render a Rule 60(b) motion untimely. *See* Fed. R. Civ. P. 60(c)(1); *In Re Diet Drugs*, 383 F. App'x at 246. Here, Petitioner has filed a motion challenging this Court's February 2016 opinion denying all his non-*Miranda* claims. His motion, filed in October 2018, was filed two and a half years after that opinion was entered and more than a year after this Court's decision on the *Miranda* claims was entered. Given the interests of finality, the failure of Petitioner to set forth any valid reason for his delay, and the fact that Petitioner was aware of this Court's February 2016 opinion when it was entered, this Court finds that Petitioner's current motion was not filed within a reasonable time and is therefore untimely.

While the Court's finding that Petitioner's current motion is untimely is more than sufficient to warrant the denial of Petitioner's current motion, it is further noted that Petitioner's motion is based on a flawed premise. Petitioner essentially argues that this Court denied his non-*Miranda* claims without an explanation or discussion of the merits of those claims. This is patently false. This Court rejected all of Petitioner's non-*Miranda* claims on the merits in a lengthy fifty-six page opinion. Both this Court and the Third Circuit thereafter denied Petitioner a certificate of appealability as to those claims. (*See* ECF No. 74). Petitioner's arguments have been measured, considered and found insufficient to warrant relief. Petitioner's argument in his current motion is therefore entirely baseless, and Petitioner's motion must be denied for that reason as well.

Petitioner also argues that he should be permitted to file a new § 2255 motion raising the same claims which this Court already denied in its February 2016 opinion. This Court has no jurisdiction to grant such a request – only the Court of Appeals has the authority to authorize the filing of a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). This Court need not transfer Petitioner's request to the Court of Appeals, however, as Petitioner's authorization request is baseless as Petitioner wishes to file a new motion containing the same grounds for relief already denied in his first § 2255 motion. *See* 28 U.S.C. § 2255(h) (requiring that request for authorization to file second or successive § 2255 motion meet the requirements of 28 U.S.C. § 2244); 28 U.S.C. § 2244(b)(1) (a "claim presented in a second or successive [motion to vacate sentence] that was presented in a prior application shall be dismissed); *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010) (district court should

5

only transfer request to file second or successive habeas application where that application would fall within § 2244's gatekeeping requirements). Petitioner's request for authorization to file a second § 2255 motion is therefore dismissed for lack of jurisdiction.

**IV. CONCLUSION**

    For the reasons stated above, Petitioner's motion (ECF No. 77) is DENIED. An appropriate order follows.

Dated: November 8, 2018　　　　　　　　　　　　　　　*s/ Susan D. Wigenton*
                                                                             Hon. Susan D. Wigenton,
                                                                             United States District Judge