*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOMMIE TELFAIR,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Civil Action No. 13-6585 (SDW)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On October 25, 2013, Petitioner, Tommie Telfair, filed a motion to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1).

2. On February 17, 2016, this Court denied all but one of Petitioner's claims. (ECF Nos. 36-37). After a hearing, this Court denied Petitioner's sole remaining claim in an opinion and order issued on September 25, 2017. (ECF Nos. 58-59).

3. Petitioner appealed both decisions, and the Third Circuit denied him a certificate of appealability. (ECF No. 74).

4. Following the denial of his motion to vacate sentence, Petitioner filed multiple post judgment motions, including two motions brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which this Court denied. (*See* ECF Nos. 72-73, 78-79). In denying Petitioner's second Rule 60(b) motion in November 2018, this Court specifically found that motion was clearly time barred. (*See* ECF No. 78).

5. On February 18, 2020, well over a year after his previous Rule 60(b) motion was denied as meritless and time barred, Petitioner filed a third Rule 60(b) motion. (ECF No. 86). In his

new motion, Petitioner seeks to raise a new claim – that his underlying conviction for conspiracy to distribute and possess with the intent to distribute more than 1000 grams of cocaine is now invalid pursuant to the Third Circuit's April 2019 decision in *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019), as Petitioner believes that the over 1000 grams amount in his case was reached by improperly combining multiple smaller amounts which were involved in separate distribution offenses. *See Rowe*, 919 F.3d at 760-61. Petitioner therefore asserts that *Rowe* amounts to a change in decisional law and that this legal change should warrant the reopening of his case

6. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

7. Where a federal habeas petitioner seeks in his Rule 60(b) motion to raise a new claim

for relief which was not contained in his original motion to vacate sentence, such as a claim arising out of "a subsequent change in substantive law," his motion is not in fact a Rule 60(b) motion, but instead amounts to a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 530-32. District Courts are without jurisdiction to consider a second or successive § 2255 motion unless and until the petitioner seeks and is granted leave to file such a motion by the appropriate court of appeals. *See* 28 U.S.C. §§ 2244, 2255(h). Where a habeas petitioner files a second or successive § 2255 motion without previously being granted leave to do so by the court of appeals, this Court is therefore required to either dismiss the motion for lack of jurisdiction or transfer the motion to the Third Circuit as an application for leave to file a second or successive § 2255 motion. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Transfer, however, will only be warranted where the claim presented in the second or successive *prima facie* satisfies one of the criteria for the granting of leave presented in §§ 2244 and 2255(h). *Id.* Only two types of claims will on their face be able to satisfy those criteria – claims based on newly discovered evidence which was not previously available and which would establish by clear and convincing evidence that no reasonable juror could find the petitioner guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

8. Here, Petitioner seeks to use Rule 60(b) to raise a new claim not previously raised based on an alleged subsequent change in the substantive law – the *Rowe* decision. Because he is attempting to raise a new claim, his motion is not truly a 60(b) motion, but is in reality an attempt to file a second or successive § 2255 motion without leave of the Court of Appeals. *Gonzalez*, 545 U.S. at 530-32. As such, this Court lacks jurisdiction over his motion, and must either dismiss

3

the motion or transfer it to the Court of Appeals. *Hawkins*, 614 F. App'x at 582. Because the motion does not *prima facie* satisfy either of the § 2255(h) criteria – it neither presents newly discovered evidence nor presents a new rule of constitutional law made retroactive by the Supreme Court but instead seeks to rest on a Third Circuit statutory interpretation decision – the transfer of the motion is not warranted. *Id.* Petitioner's motion is therefore dismissed without prejudice for lack of jurisdiction.

9. In conclusion, Petitioner's Rule 60(b) motion (ECF No. 86) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as it is in fact a second or successive § 2255 motion brought without leave of the Court of Appeals. An appropriate order follows.


Dated: February 27, 2020               *s/ Susan D. Wigenton*
                                       Hon. Susan D. Wigenton,
                                       United States District Judge